**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**ORMAND R. BROOKS,**
**individually and on behalf of others**
**similarly situated,**

**Plaintiff,**

**v.** **Civil Action No.** 5:18-cv-00523

**ARCH COAL, INC.,**

**Defendant.**

**COMPLAINT**

NOW COMES Plaintiff Ormand R. Brooks, by and through his undersigned counsel, and files this Complaint against Defendant Arch Coal, Inc. making a claim to recover unpaid overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., individually and on behalf of others similarly situated as provided in 29 U.S.C § 216(b), stating as follows:

**PARTIES**

1. Plaintiff Ormand R. Brooks ("Plaintiff Brooks") is an individual residing in Bastian, Bland County, Virginia.

2. Defendant Arch Coal, Inc. ("Defendant Arch Coal") is a for-profit corporation, organized pursuant to the laws of the State of Delaware, and authorized to do business in the State of West Virginia.

3. Defendant Arch Coal has a principal office located at One CityPlace Drive, Suite 300, St. Louis, Missouri 63141.

4. Defendant Arch Coal has a local West Virginia office located at 7 Player Club Drive, Charleston, West Virginia 25311.

5. Defendant Arch Coal owns and operates an underground coal mine known as the Beckley Complex, located 2221 Old Eccles Road, Beckley, West Virginia 25836 ("Beckley Complex").

6. Defendant Arch Coal is a leading producer of metallurgical coal in Appalachia and the second largest producer of thermal coal in the Powder River Basin, and operates large-scale mining complexes in West Virginia, Wyoming, Colorado and Illinois.

7. At all relevant times, Defendant Arch Coal was acting through its agents, supervisors, directors, officers, employees and assigns, and within the full scope of such agency, office, employment, or assignment.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff's claim under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA") pursuant to 28 U.S.C. § 1331 because this claim arises under the laws of the United States.

9. At all relevant times, Plaintiff, and similarly situated employees, were employees of Defendant Arch Coal at Defendant's Beckley Complex located in Beckley, West Virginia.

10. Venue is appropriate in the U.S. District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(b) because Defendant Arch Coal resides in this judicial district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

11. Plaintiff Brooks was hired by Defendant Arch Coal in or about January 2009, and he worked at the Beckley Complex from his hiring until on or about March 9, 2018.

12. During his entire term of employment by Defendant Arch Coal, Plaintiff Brooks worked in "Safety Compliance" at the Beckley Complex.

13. During his entire term of employment by Defendant Arch Coal, Plaintiff Brooks was paid a salary, and Defendant Arch Coal treated Plaintiff Brooks as an "exempt" employee and did not pay Plaintiff Brooks overtime wages for hours worked over 40 hours in a workweek.

14. During the relevant time period, Plaintiff Brooks' bi-weekly salary was approximately $4,038.00.

15. During his entire term of employment by Defendant Arch Coal, Plaintiff Brooks typically worked 50 or more hours per work week.

16. Plaintiff Brooks' work hours included hours during which Plaintiff Brooks, and other salaried employees, were told they had to "work for free."

17. Plaintiff Brooks' actual job duties in "Safety Compliance" did not qualify him for any exemption from the overtime provisions of the FLSA and he was, therefore, at all relevant times a non-exempt employee entitled to overtime pay for each hour worked over forty hours in a workweek.

18. In addition to paying Plaintiff Brooks a salary, Defendant Arch Coal paid Plaintiff Brooks periodic safety and extra shift bonuses.

19. The periodic safety and extra shift bonuses should have been included in the calculation of Plaintiff Brooks' "regular rate" and, consequently, in the calculation of the "overtime rate" to be which Plaintiff Brooks was entitled.

20. Plaintiff Brooks was also denied contributions to his 401K Plan which would have been made by Defendant Arch Coal if he had been paid all the overtime wages to which he was entitled.

**(Similarly Situated Employees)**

21. During the relevant time period, Defendant Arch Coal has employed approximately 5 employees in "Safety Compliance" at the Beckley Complex who are similarly situated to Plaintiff Brooks.

22. The similarly situated employees have had duties similar to the duties of Plaintiff Brooks, have worked under similar conditions and similar work schedules as Plaintiff Brooks, have been non-exempt employees entitled to overtime wages similar to Plaintiff Brooks, have been unlawfully treated by Defendant Arch Coal as exempt employees in a manner similar to Plaintiff Brooks, and have been unlawfully denied overtime wages by Defendant Arch Coal in a manner similar to Plaintiff Brooks.

**COUNT ONE: CLAIM FOR UNPAID OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT**

23. Plaintiff incorporates by reference Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. Defendant Arch Coal is an "employer" as defined in the Fair Labor Standards Act of 1938 ("FLSA") at 28 U.S.C. § 203.

25. Defendant Arch Coal is an "enterprise engaged in commerce" as defined in the FLSA at 28 U.S.C. § 203.

26. Plaintiff Brooks is an "employee" as defined in the FLSA at 28 U.S.C. § 203.

27. Defendant was required to pay Plaintiff Brooks, and all similarly situated employees, overtime wages at a rate of one and one-half times Plaintiff's and the similarly situated employees' regular rates for all hours worked in excess of 40 hours in a work week pursuant to the FLSA, 28 U.S.C. § 207.

28. Defendant failed to pay Plaintiff Brooks, and all similarly situated employees, all overtime wages due and owing to Plaintiff and the similarly situated employees in violation of the FLSA, 28 U.S.C. § 207.

29. Defendant Arch Coal's failure to pay wages and overtime wages in violation of the FLSA was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brooks, individually and on behalf of similarly situated employees, prays for the following relief:

(a) That this Court certify this action as an FLSA collective action and certify a class of employees similarly situated to Plaintiff Brooks;

(b) That Plaintiff Brooks be designated as the collective class representative;

(c) That Plaintiff Brooks and the certified class may have a trial by jury;

(d) That Plaintiff Brooks and the certified class be awarded all damages provided by law, including but not limited to, unpaid overtime wages;

(e) That Plaintiff Brooks and the certified class be awarded liquidated damages as provided by the FLSA;

(f) That Plaintiff Brooks and the certified class be awarded attorneys' fees and costs; and,

(g) That Plaintiff Brooks and the certified class be awarded such other relief as this Court may deem as just and equitable.

**ORMAND R. BROOKS,**

By Counsel

_________s/ *Mark Goldner*__________________
Mark Goldner, Esq. (WV State Bar No. 11286)
Maria W. Hughes, Esq. (WV State Bar No. 7298)
HUGHES & GOLDNER, PLLC
10 Hale Street, Second Floor
Charleston, WV 25301
TEL: (304) 400-4816
FAX: (304) 205-7729
mark@wvemploymentrights.com
maria@wvemploymentrights.com