IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ORMAND R. BROOKS,

        Plaintiff,

v.                                   CIVIL ACTION NO. 5:18-cv-00523

ARCH COAL, INC.,

        Defendants.

**ORDER OF DISMISSAL**

The Court has reviewed the *Joint Motion for Leave to File the Parties' Joint Motion for Approval of Settlement Agreement and Release and Dismissal of Lawsuit with Prejudice Under Seal* (Document 29), the attached *Joint Motion for Approval of Settlement Agreement and Release and Dismissal of Lawsuit with Prejudice* (Document 29-1), and the *Joint Response in Support of Joint Motion for Approval of Settlement Agreement and Release and Dismissal of Lawsuit with Prejudice and Joint Motion for Leave to File Under Seal* (Document 31) filed in response to a Court order requesting additional information.

Settlements of cases brought pursuant to the Fair Labor Standards Act (FLSA) are subject to court approval. "The settlement must reflect a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions, which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 408 (D. Md. 2014) (internal

punctuation, quotation marks, and citations omitted).  The parties have outlined the Plaintiff's total alleged unpaid overtime wages, the legal arguments supporting and opposing liability, and the parties' negotiations and reasoning in reaching their proposed settlement.  In light of those factors, particularly the parties' and attorneys' careful assessment of the risks of litigation and considered opinion that the settlement is fair and in the best interests of the Plaintiff, the Court finds that the settlement is appropriate and should be approved.  The total amount of the Plaintiff's alleged unpaid overtime wages totals $23,506.00.  The global settlement of $22,500.00, inclusive of attorneys' fees and costs, provides reasonable compensation and promotes the interests protected by the FLSA while accounting for the risks of litigation and the possibility that the Court or jury would resolve disputed issues in favor of the Defendant.

     The Court has also carefully considered the motion to seal.  Several courts in this Circuit have found a common law and/or First Amendment right of access to court records applicable to court approval of FLSA settlements.  *See, e.g.*, *Kianpour v. Rest. Zone, Inc.*, No. CIV.A. DKC 11-0802, 2011 WL 3880463, at *1 (D. Md. Aug. 30, 2011) (explaining that the requirement that FLSA settlement be judicially approved implicates a public right to access records associated with such settlements and distinguishes FLSA settlements from other civil settlements that may be confidential); *Browne v. The Pantry, Inc.*, No. 1:11-CV-587, 2011 WL 5119263, at *2 (M.D.N.C. Oct. 28, 2011) (same); *Miles v. Ruby Tuesday, Inc.*, 799 F. Supp. 2d 618, 622–23 (E.D. Va. 2011) ("If a court's review of a settlement is sealed, Congress and the public lose the ability to assess whether the settlement is consistent with the statute's terms and purposes" because sealing prevents both contemporaneous review and subsequent aggregation of information related to FLSA enforcement).

The parties argue that the Joint Motion for Approval and the Settlement Agreement should be sealed because they "include[] information that the parties view as confidential" and because the parties "wish[] that the terms remain confidential." (Resp. at 3.) They note that district courts in the Southern District of West Virginia have previously approved motions to seal in FLSA cases.

Those cases do not contain the detailed analysis regarding public access to FLSA settlements included in the cases cited above. Because the Defendants have not set forth good cause supporting sealing the settlement in this case sufficient to outweigh the public right of access, the Court finds that the motion to seal must be denied.

Wherefore, after careful consideration, the Court **ORDERS** that the *Joint Motion for Leave to File the Parties' Joint Motion for Approval of Settlement Agreement and Release and Dismissal of Lawsuit with Prejudice Under Seal* (Document 29) be **DENIED**, that the attached *Joint Motion for Approval of Settlement Agreement and Release and Dismissal of Lawsuit with Prejudice* (Document 29-1) be **FILED** on the public docket **TEN DAYS** following entry of this *Order* unless either party objects and proposes appropriate redactions for Court approval prior to that date. The Court further **ORDERS** that the *Joint Motion for Approval of Settlement Agreement and Release and Dismissal of Lawsuit with Prejudice* (Document 29-1) be **GRANTED**, that the settlement agreement be **APPROVED** and that this matter be **DISMISSED with prejudice.**

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER: July 11, 2019

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA