IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**ORMAND R. BROOKS,**

    **Plaintiff,**

v.                                                  Civil Action No.: 5:18-cv-00523
                                                     Honorable Irene C. Berger

**ARCH COAL, INC.,**

    **Defendant.**

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE AND DISMISSAL OF LAWSUIT WITH PREJUDICE

Plaintiff Ormand R. Brooks ("Brooks") and Defendant Arch Coal, Inc. ("Arch Coal") file this Joint Motion for Approval of Settlement Agreement and Release and Dismissal of Lawsuit with Prejudice ("Motion") and offer the following facts to support the Court's approval of the Settlement Agreement under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"):

### I. INTRODUCTION AND BACKGROUND

On April 3, 2018, Brooks filed his Complaint against Arch Coal in this matter asserting violations of the FLSA. Brooks' claims are premised on allegations that Arch Coal misclassified him as an exempt employee. On May 2, 2018, Arch Coal, by counsel, filed an Answer to Brooks' Complaint asserting numerous defenses to the allegations contained in Brooks' Complaint.

On March 26, 2019, as a result of arm's length negotiations between the parties, all of whom were represented by counsel, Brooks and Arch Coal agreed to settle this lawsuit based upon the terms set forth in the proposed Settlement Agreement, attached hereto as Exhibit A. This Settlement Agreement has been submitted for the Court's review and approval.

Over the life of this lawsuit, the parties shared in discovery, investigated the supporting facts, and thoroughly studied the legal principles applicable to the claims and defenses asserted. Based upon Brooks' counsel's investigation, legal evaluation, and assessment of the contested legal and factual issues involved in this lawsuit, including Brooks' counsel's understanding of the uncertainties of litigation, Brooks' counsel has concluded that this settlement is fair, reasonable, adequate, and in the best interests of Brooks.

Without any admission of liability, Arch Coal desires to compromise and settle this lawsuit and all claims by Brooks for alleged unpaid overtime wages, liquidated or other damages, attorneys' fees, costs, and interest, under the FLSA, or any other federal, state, or local law pertaining to the payment of wages.

As shown through this Motion, the proposed Settlement Agreement is the result of arm's length negotiations, conducted by experienced counsel for all parties, after formally and informally exchanging information and engaging in substantial negotiations. The terms of the Settlement Agreement are reasonable, appropriate, and fair to all parties involved. Accordingly, Brooks and Arch Coal ask the Court to approve the Settlement Agreement and enter an order dismissing this lawsuit with prejudice.

## II. SETTLEMENT TERMS

The terms of the settlement between Brooks and Arch Coal are set forth in the attached Settlement Agreement. Pursuant to the Settlement Agreement, Brooks shall receive a settlement payment in the amount of twenty-two thousand five hundred dollars ($22,500.00) inclusive of lost wage damages, emotional distress damages, and attorney fees and costs. Of the settlement sum, a total of fifteen thousand five hundred dollars ($15,500.00) is to be issued to Brooks with seven thousand seven hundred fifty dollars ($7,750.00) allocated to wages, less withholdings,

and seven thousand seven hundred fifty dollars ($7,750.00) allocated to liquidated damages. The remaining seven thousand dollars ($7,000.00) is to be issued to Hughes & Goldner, PLLC as attorney fees and costs as counsel for Brooks.

### III. APPROVAL OF SETTLEMENT IS APPROPRIATE

The Settlement Agreement represents a fair compromise of a bona fide dispute concerning the legality of Arch Coal's compensation practices with respect to Brooks. Settlements under the FLSA are subject to approval by either the Secretary of Labor under section 216(c) or the district court under section 216(b). *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). Given the adversarial nature of a lawsuit brought under section 216(b), "when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* at 1354.

When determining whether to approve a settlement, courts typically assess the settlement for reasonableness, often using the rubric suggested in *Lynn's Food Stores*. *See Lopez v. NTI, LLC, et al.*, 748 F. Supp.2d 471 (D. Md. 2010). The Court in *Lynn's Food Stores* suggested that a FLSA settlement should be approved if the settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute." *Lynn's Food Stores*, 679 F.2d at 1354.

In *Harper et al. v. Elk Run Coal Co., Inc. et al.*, 2012 U.S. Dist. LEXIS 76876 (S.D. W.Va., June 4, 2012) (memorandum order), the Court reviewed the settlement between the parties to the extent that the allegations arose under the FLSA. The Court developed a six-point test to analyze the fairness of the settlement under the FLSA and held:

> While the Fourth Circuit has not directly addressed the factors to consider in determining whether a settlement reached in an FLSA case is fair and reasonable,

> federal courts typically consider the fairness factors utilized in determining court approval of class action settlements under Federal Rule of Civil Procedure 23(e). Those class action factors include: (1) the extent of discovery that has taken place, (2) the stage of the proceedings, (3) the absence of fraud or collusion in the settlement, (4) the experience of counsel who have represented the plaintiffs, (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object, and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Id.* at *8–9 (*citing Flinn v. FMC Corp.*, 528 F.2d 11169, 1173 (4th Cir. 1975); *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 U.S. Dist. LEXIS 89129, at *11 (E.D. Va. Sept. 28, 2009) (applying the *Flinn* factors to FLSA settlement)) (internal citations omitted).

In addition, according to the Fourth Circuit, the following extremely similar factors are relevant to the reasonableness of an FLSA settlement: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of the plaintiff's counsel; and (5) the probability of the plaintiff's success on the merits and the amount of settlement compared to the potential recovery. *Flinn v. FMC Corp.*, 528 F.2d 1169 (4th Cir. 1975); *see also Bosley v. Dolgencorp, Inc.*, 2011 U.S. Dist. LEXIS 5939 (N.D. W.Va. Jan. 13, 2011) (setting forth the factors courts typically consider in determining whether a proposed settlement of FLSA claims is fair and reasonable as: (i) the extent of discovery that has taken place; (ii) the state of the proceedings, including the complexity, expense, and likely duration of the litigation; (iii) the absence of fraud or collusion in the settlement; (iv) the experience of counsel that have represented the plaintiff; and (v) the probability of plaintiff's success on the merits and the amount of settlement in relation to the potential recovery).

Here, the parties stipulate that the settlement of the parties was fair and reasonable and should be approved by the Court as all of the relevant factors are met in this case. First, the

4

parties stipulate that this matter was fully developed through discovery by way of interrogatories and requests for production of documents. Second, this matter was settled prior to the pretrial and final settlement conference. The parties stipulate that both Brooks and Arch Coal were well versed in the facts of this case and the arguments of the other party as to the strengths of their case and the relevant defenses at the time of settlement. Additionally, the Court is advised that this settlement was made in good faith through an arm's length negotiation based on the parties' knowledge of the strengths and weaknesses of the claims and defenses, the potential range of damages, and the expense of litigation.

Third, the parties stipulate that there was no fraud or collusion in the settlement. Fourth, the parties stipulate that both Brooks and Arch Coal had the benefit of counsel with great experience in the area of FLSA and state wage and hour law. Both sides have had considerable experience in prosecuting and/or defending federal and state wage and hour claims previously and, in this case, were particularly well informed as to the facts and circumstances of the lawsuit. Fifth, the Court is advised that this matter is not a class action, and accordingly, the fifth factor of the test set forth in *Harper* is inapplicable to this proceeding.

Finally, with regard to the probability of Brooks' success on the merits and the amount of the settlement in relation to the potential recovery, every aspect of this case has been vigorously contested, both factually and legally. The parties stipulate that the issue of whether Brooks was in fact an exempt employee of Arch Coal is contested and incapable of a summary judgment finding in this case given the disputed facts. If Brooks were found to be an exempt employee, he would recover no damages. Moreover, even if Brooks were found to be a non-exempt employee under the FLSA, his potential damages would be limited as to claims arising after October 5, 2016 because of the United States Bankruptcy Court for the Eastern Division of Missouri's order

discharging and terminating claims against Arch Coal arising prior to October 5, 2016. In addition, Brooks' damages would be limited by the fact that he resigned from his employment in March 2018. The parties advise that due to the expense of litigating this matter, and in comparison to the potential range of damages, both Brooks and Arch Coal recognized that it was in their best interest to enter into settlement as legal fees and costs associated with litigating this matter through trial would likely exceed the range of damages, if any, awarded/paid. Accordingly, in an effort to fully resolve this matter, the sum of $22,500.00 was agreed upon by the parties.

The parties aver that the settlement amount agreed upon adequately compensates Brooks for the period in which he alleges unpaid wages are due and payable under the FLSA, and, as such, the amount paid for wages is fair and reasonable given the facts developed through discovery, the time constraints for Brooks' potential damages, and the significant factual and legal disputes that provided risks to both parties in going forward. The parties agreed that, because there were significant risks to each of them, the certainty of settlement was preferable to proceeding to trial. The settlement resolved a bona fide dispute where the Settlement Agreement does not contain any representation or admission of Arch Coal of any violation of law or any liability to Brooks.

## IV. CONCLUSION

For the foregoing reasons, and other reasons apparent from the record, the parties respectfully request that the Court (1) approve the parties' settlement, including all of the terms set forth in the Settlement Agreement, and (2) dismiss this lawsuit and Brooks' claims with prejudice.

**STIPULATED AND AGREED TO BY:**

/s/ Mark Goldner
Mark Goldner (WVSB # 11286)
HUGHES & GOLDNER, PLLC
One Bridge Place
10 Hale Street, 5th Floor
Charleston, WV 25301
Telephone: (304) 400-4816
*Counsel for Plaintiff*

/s/ Brian J. Moore
Brian J. Moore (WVSB #8898)
Kelsey Haught Parsons (WVSB #13205)
DINSMORE & SHOHL LLP
P.O. Box 11887
Charleston, WV 25339-1887
Telephone: (304) 357-0900
*Counsel for Defendants*

14770307v1

EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS ("Agreement") is made and entered into by and between Ormand R. Brooks on behalf of himself, his heirs, agents, personal representatives, and assigns ("Brooks") and Arch Coal, Inc., inclusive of its heirs, agents, personal representatives, assigns, insurers, shareholders, present and former employees, directors, officers, successors, parent companies, subsidiary companies, and affiliated companies ("Arch Coal") on this the _____ day of _____, 2019.

WHEREAS, Brooks is represented by counsel, Mark Goldner and the law firm Hughes & Goldner, PLLC, and has alleged certain claims arising from his employment with ICG Beckley, LLC ("ICG Beckley"), a subsidiary of Arch Coal, including those claims set forth in the case of *Ormand R. Brooks v. Arch Coal, Inc.*, Civil Action No. 5:18-cv-00523, currently pending in the United States District Court for the Southern District of West Virginia, Beckley Division; and

WHEREAS, Brooks and Arch Coal desire to settle fully and finally the aforementioned claims, including Civil Action No. 5:18-cv-00523, as well as any and all claims arising from Brooks' employment with ICG Beckley's Beckley Complex, including any claims that were not raised, but could have been raised.

NOW THEREFORE, in consideration of the mutual promises herein provided, it is agreed to as follows:

1. This settlement arises from a resolution of disputed claims. The parties recognize that the liability of Arch Coal is contested and disputed. This Agreement shall not be in any way used as evidence in any pending or future proceeding or investigation and/or construed as an indication or admission of Arch Coal that it acted improperly with respect to Brooks or any other

person, or that Brooks has any meritorious claim whatsoever against Arch Coal. Arch Coal specifically denies any liability for wrongful acts against Brooks or any other person.

2. Arch Coal, through ICG Beckley, agrees to pay Brooks and his attorney the total sum of Twenty-Two Thousand Five Hundred Dollars ($22,500.00), inclusive of all attorney fees and costs, by three (3) separate checks: one check made payable to "Ormand R. Brooks" in the amount of Seven Thousand Seven Hundred Fifty Dollars and No Cents ($7,750.00), less applicable deductions, representing lost wage damages (W2 treatment); one check made payable to "Ormand R. Brooks" in the amount of Seven Thousand Seven Hundred Fifty Dollars and No Cents ($7,750.00), representing liquidated damages (1099 treatment); and one check made payable to "Hughes & Goldner, PLLC" in the amount of Seven Thousand Dollars ($7,000.00), for attorney fees and costs (1099 treatment). Brooks acknowledges that, upon receipt of these sums, he has received all wages, benefits, and other sums to which he is entitled, including paid and unpaid leave. Brooks further acknowledges that Arch Coal has made no representations to Brooks as to any possible tax consequences of this Agreement. Brooks has relied solely upon his own advisors regarding the same. Brooks understands and agrees that he is responsible for the tax consequences, if any, of the payments recited above.

3. Brooks agrees to the dismissal with prejudice of Civil Action No. 5:18-cv-00523. Brooks also agrees to release Arch Coal and its affiliates and subsidiaries, including ICG Beckley, from any and all claims arising out of Brooks' employment at ICG Beckley's Beckley Complex, including all complaints, claims, liabilities, demands for money or benefits, agreements, damages, actions, causes of actions, suits, rights, costs, and expenses (including attorney's fees, expenses, and costs actually incurred) of any nature whatsoever, known or unknown, suspected and unsuspected, arising from Brooks' employment at the Beckley

Complex, including, but not limited to, any claims arising under federal, state, or local laws relating to employment rights, pertaining to employment termination or discrimination, or unfair, unequal, or disparate treatment, such as the West Virginia Human Rights Act, W.Va. Code § 5-11-1 *et seq.*; the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000 *et seq.*; 42 U.S.C. § 1981; the anti-discrimination provisions of the West Virginia Workers' Compensation Act, W.Va. Code § 23-5A-1 *et seq.*; and any other federal, state, or local statute, ordinance, or regulation (including all amendments to the foregoing statutes and any amendments to any of the statutes and regulations incorporated by reference or applicable to any of the foregoing), the common law of West Virginia, and any other claim including those arising out of any tort or contract theory of recovery. Nothing contained in this Agreement, however, requires Brooks to waive any black lung claims or any rights that are deemed non-waivable under the law.

    4.    Brooks agrees and represents that the amounts contained in this Agreement are a true, accurate, and complete recitation of all damages, costs, and attorneys' fees under any claims under Brooks against Arch Coal.

    5.    Brooks agrees to waive any claim he may have for reinstatement to employment with Arch Coal or any affiliated company, including ICG Beckley, and further agrees not to apply, reapply, or seek employment with Arch Coal or any affiliated company.

    6.    The parties agree that the terms of this Agreement are completely **CONFIDENTIAL** and are not to be disclosed to anyone who is not required by virtue of a legal duty to know its terms, except that the terms may be disclosed pursuant to a court order or lawful subpoena; Arch Coal may disclose the terms to its management, tax, insurance, and legal

advisors, and those individuals necessary to carry out the terms of the Agreement; and Brooks is authorized to disclose the terms to his spouse and his tax and legal advisors, provided, however, that any person so informed must be advised that they must also comply with this confidentiality provision.

7. This Agreement is entered into and shall be interpreted in accordance with the laws of West Virginia.

8. Brooks acknowledges that he has been represented by Hughes & Goldner, PLLC with regard to the advisability of entering into this Agreement.

9. If any one or more provisions of this Agreement shall for any reason be held by a Court of competent jurisdiction to be void, illegal, or unenforceable, such provisions shall be of no force or effect. However, the illegality or unenforceability of such provisions shall have no effect upon, and shall not impair the enforceability of, any other provisions of the Agreement.

10. **Medicare Information:** Pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Plan of 2007, The Center for Medicare and Medicaid Services must be provided Brooks' full address, Social Security Number, date of birth, gender, and, if available, his Medicare Health Insurance Claim Number ("HICN"). Provision of this information is a condition of this Agreement. **Liens – Indemnity and Hold Harmless:** It is expressly understood and agreed that Brooks covenants and agrees that any and all Medicare, Social Security, hospital, medical insurance coverage subrogation claims, and/or any and all other type of liens or interest that is and/or could be claimed by any person and/or entity, will be fully paid, satisfied, and released from the settlement proceeds paid herein, in trust, unless and until such time as said liens and/or claims have been fully paid, satisfied, or released. In this regard, Brooks agrees to indemnify and hold harmless Arch Coal, its insurance carriers, its attorneys, and all others in

4

privity with it, including, but not limited to ICG Beckley, from any claims by, through and/or under Brooks including, but not limited to, any direct claim by Medicare and/or Social Security for reimbursement of any funds paid by them relating to the injuries and claims arising from the incident in question. **Medicare Set Aside:** It is further expressly understood and agreed that, to the extent applicable, Brooks covenants that he will set aside funds necessary in any approved Medicare Set Aside Account, to pay for any anticipated future medical and/or health care needs, for any injury and/or condition that requires treatment that arises from the injuries related to and/or caused by the incident in question. In the alternative, Brooks shall covenant that he does not presently anticipate that he will require medical and/or health care treatment for the injuries and/or conditions related to and/or arising from the incident in question. Further, should funds not be placed in an approved Medicare Set Aside Account for Brooks, and care and treatment for injuries and/or conditions reasonably related to the incident is subsequently sought, then Brooks covenants and represents to Arch Coal, its insurance carrier, its attorneys, and others in privity with it, including, but not limited to, ICG Beckley, that Brooks will not submit nor seek payment for said medical care from Medicare and/or any other government funded program. This covenant and representation shall be included as part of the indemnification obligations of Brooks stated herein.

  11. Brooks acknowledges that he has entered into this Agreement voluntarily, that he has carefully read and fully understands all of the provisions of this Agreement, and that he is executing it voluntarily because he wishes to accept the payments and benefits herein listed and to settle the matter. Brooks further acknowledges that, in executing this Agreement, he does not rely upon any oral statements made by Arch Coal, or anyone acting or purporting to act on its

behalf, and that he has been given an appropriate period of time within which to consider this Agreement and to consult with legal counsel regarding the same.

12. Brooks understands and acknowledges that he has been given a period of twenty-one (21) days to review and consider the terms and conditions of this Agreement and to decide whether to accept this Agreement. Brooks further understands that he may use as much of this twenty-one (21) day period as he wishes prior to signing. Brooks may accept this Agreement by signing it and returning it, no later than the close of business on the 21st day after his attorney receives the final version of this Agreement, to Brian J. Moore, Dinsmore & Shohl LLP, 707 Virginia Street, East, Suite 1300, Charleston, West Virginia 25301. Further, Brooks may revoke this Agreement within seven (7) days of signing it. If this Agreement has not been revoked within such seven (7) days, it becomes effective on the 8th day ("RELEASE EFFECTIVE DATE"), at which time the parties are obligated to comply with all terms and conditions of this Agreement. **Revocation can be made by delivering a written notice of revocation to:**

> **Brian J. Moore**
> **Dinsmore & Shohl LLP**
> **707 Virginia Street, East**
> **Suite 1300**
> **Charleston, West Virginia 25301**

**For this revocation to be effective, written notice must be received no later than the close of business on or before the 7th day after Brooks signs this Agreement.** If the last day of the twenty-one (21) day period or the seven (7) day period falls on a Saturday, Sunday, or holiday, the last day of these respective periods will be deemed to be the next business day. In the event Brooks does not accept this Agreement as set forth above, or Brooks revokes this Agreement during the revocation period, this Agreement, including, but not limited to, the

obligation of Arch Coal to provide payments and other consideration referred to in this Agreement, shall automatically be deemed null and void.

It is understood and agreed that the information provided below will be provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

Full Name as it appears on your
Social Security Card

_____

Address

_____

Medicare Health Insurance Claim
Number (HICN)

_____

(If none, so state)

Social Security Number

_____

Date of Birth

_____

Gender

_____

IN WITNESS WHEREOF, Brooks and Arch Coal have set their hands and seals:

_____
Date

_____
Ormand R. Brooks

_____
Date

Arch Coal, Inc.

By: _____

Its: _____

14769902v1

7